UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. NAPIER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-19-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVE L. PINKARD and TRANS AM | ) | **MEMORANDUM OPINION** |
| TRUCKING, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is currently pending for consideration of the Plaintiff's motions to add a jury demand [Record No. 25], for an enlargement of time [Record No. 26], and to file an amended complaint to assert additional damage claims [Record No. 27]. For the reasons more fully discussed below, the Court will grant the motion to add a jury demand but deny the motion for an enlargement of time. Finally, the Court will allow the Plaintiff's to amend his Complaint to include a claim for future medical expenses. However, he will not be allowed to assert a claim for punitive damages at this late date as this would unduly prejudice the Defendants. Therefore, his motion to file an Amended Complaint will be granted, in part, and denied, in part.

## I.   PROCEDURAL HISTORY

Plaintiff Christopher Napier filed this action in the Laurel Circuit Court on December 22, 2004, following an automobile accident occurring in August of that year. According to Napier, the accident occurred as a result of Defendant Dave Pinkard abruptly and illegally

attempting to execute a U-turn on Interstate 64 near Grayson, Kentucky. Napier's Complaint sought damages for medical and other expenses. However, he did not request a jury trial to resolve the contested issues. Likewise, he did not seek future medical expenses or punitive damages in his original pleading. On January 18, 2005, Defendants Pinkard and Trans Am Trucking removed the case to this Court. Likewise, the Defendants did not request a jury trial in either their Notice of Removal or their Answer. [Record Nos. 1, 2 and 5]

The parties filed a report of their planning meeting on March 1, 2005. Thereafter, a Scheduling Order was entered which adopted most of the parties' suggested deadlines. The Scheduling Order set a deadline of May 18, 2005, for the parties to file motions seeking to join additional parties or amend their pleadings. With respect to the issue of a jury trial, the Court noted in paragraph (11) that:

> [t]he parties to this action have not made a proper request for trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. Therefore, at the time of the pretrial conference, counsel shall file with the Clerk, shall submit a copy to the Court and shall provide to opposing counsel, proposed findings of fact and conclusions of law.

[Record No. 8] Further, in paragraph (15), the parties were advised that the action would be assigned for a "bench trial beginning December 12, 2005." *Id.*[1]

Pursuant to the Scheduling Order, the parties participated in a telephone conference with the United States Magistrate Judge on September 19, 2005. Prior to this telephone conference, co-counsel Kenneth Smith entered an appearance on behalf of the Plaintiff.

---

[1]    The last line of the Report of Parties' Planning Meeting states that "[t]he Plaintiff request a trial by jury." [Record No. 7, p. 3]

-2-

[Record No. 18][2]  According to the Order entered by the Magistrate Judge following the conference, the parties reported that "discovery is proceeding satisfactorily and that all deadlines are feasible . . . [provided the proposed Agreed Order extending the pretrial conference and trial dates to February 14, 2006, and March 13, 2006, respectively, was entered by the Court]"  [Record No. 19]  The undersigned subsequently extended the trial and pretrial conference dates pursuant to the parties request; however, the pretrial conference was subsequently advanced to February 6, 2006, due to a conflict in the Court's schedule. [Record Nos. 21, 23]

On November 23, 2005, the Plaintiff filed the current motions to add a jury demand [Record No. 25], for an enlargement of time [Record No. 26], and for leave to file an Amended Complaint [Record No. 27].  These motions have been fully briefed and are ripe for review.

## II.    ANALYSIS

### A.    The Motion to Add a Jury Demand [Record No. 25]

In support of this motion, Napier asserts that his attorney unintentionally omitted a request for trial by jury in his original Complaint filed in the Laurel Circuit Court.  He now argues that this omission constitutes excusable neglect and that the Defendants will not be prejudiced if the requested relief is granted.  In opposing the motion, the Defendants contend that the Napier's original and later-added attorney have had ample opportunity to make a jury

---

[2]    The Court notes that, as early as April 18, 2005, the Plaintiff's original attorney, Robert Cato, sought an extension of time to comply with discovery obligations due to health issues which curtailed his work schedule. [*See* Record No. 12.]

demand but have failed to do so in a timely fashion.  Further, they point out that the original

Scheduling Order assigned this matter for a bench trial and that the Plaintiff did not seek to

amend this part of the order until November 23, 2005.

With respect to this issue, the Seventh Amendment to the United States Constitution

provided the right to a trial by jury in civil actions.  However, Rule 38 of the Federal Rules

of Civil Procedure sets out the time within which such a demand must be made.  This Rule

provides, in part, as follows:

> (b)  DEMAND.  Any party may demand a trial of any issue triable of right by
> a jury by (1) serving upon the other parties a demand therefor in writing at any
> time after the commencement of the action and not later than 10 days after the
> service of the last pleading directed to such issue, and (2) filing the demand as
> required by Rule 5(d).  Such demand may be indorsed upon a pleading of the
> party.
>
> **       **       **
>
> (d) WAIVER.  The failure of a party to serve and file a demand as required by
> this rule constitutes a waiver by the party of trial by jury.  A demand for trial
> by jury made as herein provided may not be withdrawn without the consent of
> the parties.

Rule 38, Fed. R. Civ. P.

Here, the Defendants' Answer, filed January 18, 2005, was the last pleading directed

to the issue of a jury demand.  The only document in which the Plaintiff requested a jury

demand prior to his current motion was submitted March 1, 2005 (*i.e.*, the Report of Parties'

Planning Meeting; Record No. 7).  Thus, even if the parties' report were considered a

pleading under Rule 38, there is no dispute that this request was not timely. *See Sewell v.*

*Jefferson County Fiscal Court*, 863 F.2d 461, 464-465 (6th Cir. 1988), *cert. denied*, 493 U.S.

820 (1989) (waiver occurs notwithstanding timely demand for jury trial but no objection following entry of order providing for bench trial).

While Rule 38 does not provide grounds for the relief sought, Rule 39 does give the Court discretion to order a jury trial even though the parties may have failed to make a proper request.[3] *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) (waiver of right to jury trial under Rule 38 does not preclude the Court from granting discretionary relief under Rule 39 of the Federal Rules of Civil Procedure). After considering the parties' respective positions, the Court concludes that granting the Plaintiff's request will not disrupt, delay or unduly extend the proceedings. If the Plaintiff's motion were made on the eve of trial, the outcome would probably be different. However, it would not appear that the presentation of proof will be any different based on the issues raised in this proceeding. Likewise, scheduling a jury trial at this time will not result in prejudice to the Defendants. The trial of this action is still several months away and the Court is unable to discern how preparation of the Defendants' case will be altered by the addition of a jury demand. In granting the Plaintiff's request, the Court has also considered the nature of the issues to be resolved by the fact finder. *S.S. Kresge Co. v. Holland,* 158 F.2d 495, 497 (6th Cir. 1946) (suit for damages from alleged personal injuries is peculiarly suitable for a jury).

---

[3]     Subsection (b) of Rule 39 provides:

(b) BY THE COURT. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Here, there is nothing to suggest that issues pertaining to the Defendants' alleged negligence cannot be readily understood and properly resolved by a jury.

### B.   The Motion for Enlargement of Time [Record No. 26]

In seeking to extend deadlines previously set, the Plaintiff relies heavily upon his original attorney's serious and ongoing illness.  He contends that the progressive nature of his kidney disease resulted in several mistakes, including: (1) failing to calendar and meet several deadlines (discovery, amendment of pleadings, the filing of dispositive motions); (2) the omission of claims for future medical expenses and punitive damages from the original Complaint; (3) the failure to make a jury demand; and (4) the failure to conduct discovery. According to Napier, as a result of this excusable neglect, he should be given additional time to correct these deficiencies under *Williams v. Myers*, 346 F.3d 607 (6th Cir. 2003).

In responding to this motion, the Defendants argue that they will suffer actual prejudice if Napier is granted the requested relief.  They point out that a continuance of the trial of this matter would necessitate a second independent medical examination with the resulting expense.  They also note that the Plaintiff, through his newly-added counsel, did not indicate that an extension of time would be needed for any reason during the telephone conference held on September 19, 2005.

Having considered the parties arguments, the Court believes the Defendants will be unfairly prejudiced by a continuance of the trial of this matter.  The Court, however, will grant the Plaintiff a short extension of time to conduct limited discovery and make pretrial filings.  Because the Plaintiff has not shown that it would be entitled to summary judgment,

there is no reason to extend the deadline for filing dispositive motions. The remaining issues concerning the alleged prejudice resulting from counsel's failure to include additional claims for future medical expenses and punitive damages will be discussed below.

C.    <u>The Motion to Amend the Complaint [Record No. 27]</u>

Pursuant to Rule 15(a), leave to amend a pleading shall be "freely given when justice so requires." Rule 15(a), Fed.R.Civ.P. The grant or denial of a motion to amend is within the sound discretion of the Court. *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Specifically, a district court should consider the following factors in deciding on a plaintiff's motion to amend a complaint: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

Here, the Plaintiff asserts that due to his counsel's illness, claims for future medical expenses and punitive damages were not included in the Complaint filed on December 22, 2004. However, as the Defendants correctly argue, the facts upon which these claims are based were known to the Plaintiff and his counsel at the time this action was filed. Notwithstanding this fact, neither the Plaintiff's original or newly-added counsel attempted to amend the Complaint to add either claim until November 23, 2005. This was over six months after the deadline to amend pleadings, after the close of discovery, and after counsel

-7-

represented to the Magistrate Judge that there were no problems with any of the existing deadlines.  Both the Defendants and the Court are entitled to rely upon these representations.

In evaluating the present motion in light of the above factors, the Court will allow the Plaintiff to file an Amended Complaint to assert a claim for future medical expenses. However, the Court will not allow the Plaintiff to assert a claim for punitive damages.  At the time this action was filed, the Defendants should have anticipated that the Plaintiff would assert a claim for future medical expenses.  Further, inasmuch as an independent medical examination has been performed, the Defendants have been able to obtain discovery concerning the nature and extent of the injuries giving rise to such a claim. Therefore, in weighing the prejudice to the parties, the Court believes that the Defendants would suffer little or no harm if Napier were allowed to assert this claim at this stage of the proceedings. The Court cannot reach the same conclusion with respect to the prospective claim for punitive damages.

As noted previously, the facts supporting any claim for punitive damages were known to the Plaintiff at or shortly after the accident in issue.  The Plaintiff has not shown that it is privy to any additional facts to support a claim for such damages.  Further, the nature of proof required to support and defend a claim for punitive damages is substantially different that a claim for compensatory damages resulting from an automobile accident.  To require the Defendants to defend such an action at this stage of the proceedings would be unfair and prejudicial to them.  Therefore, based on the Plaintiff's undue delay in seeking such damages

as well as the likely prejudice to the Defendants, Napier will not be allowed to amend his complaint to include a claim for punitive damages.

### III.     CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** as follows:

1.      The Plaintiff's motion to add a jury demand [Record No. 25] is **GRANTED**.

2.      Paragraph (4) of the Scheduling Order entered March 2, 2005, (and as subsequently modified) is amended to provide that, no later than **January 20, 2006,** the parties shall complete all pretrial discovery.

3.      Paragraphs (11) and (15) of the Scheduling Order (and as subsequently modified) are amended to provide that the matter shall be assigned for trial by jury beginning **March 14, 2006**.  Likewise, the pretrial conference shall remain scheduled for **February 6, 2006**, beginning at the hour of **3:00 p.m.**  The Scheduling Order is further modified in the following respects:

No later than fourteen (14) days prior to pretrial conference, counsel shall file with the Clerk and shall submit to the Court a copy of the Agreed Proposed Jury Instructions, together with a 3-1/2" diskette in WordPerfect format with supporting authorities.  If the parties cannot agree on certain instructions, counsel shall file with the Clerk, shall submit a copy to the Court, with diskette, and shall provide a copy to opposing counsel of their separately proposed instructions with supporting authorities.

4.      Except as noted above, the Plaintiff's motion for enlargement of time [Record No. 26] is **DENIED**.  However, the parties will be given additional time until **January 20, 2006**, to complete discovery.

5.      The Plaintiff's motion to amend his Complaint to assert a claim for future medical expenses [Record No. 27] is **GRANTED**.  However, his motion to assert a claim for punitive damages [Record No. 27] is **DENIED**.  The Plaintiff shall have ten (10) days for the entry of this Order to file an Amended Complaint which complies with the Court's ruling on the pending motion.

This 28th day of December, 2005.

**Signed By:**

**_Danny C. Reeves_**  DCR

**United States District Judge**