UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. NAPIER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-19-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVE L. PINKARD and TRANS AM TRUCKING, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion for partial summary judgment. [Record No. 32] The Plaintiff has moved the Court for judgment in his favor on the issue of liability. Specifically, he alleges that he is entitled to summary judgment based upon the Defendants' alleged violation of K.R.S. § 189.330(5). The Defendants contend that the Plaintiff failed to plead a cause of action based on a violation of K.R.S. § 189.330(5). Further, the Defendants assert that there is a genuine issue of material fact as to the issue of liability inasmuch as the Plaintiff's own actions may have been a contributory cause of the accident. Thus, the Defendants assert that the motion should be denied.

**I.   LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## II. DISCUSSION

Examining the complaint in a light most favorable to the Defendants, Napier has alleged that he has suffered injuries due to Defendant Dave Pinkard's negligent operation of a motor vehicle. The Plaintiff has also alleged that Defendant Trans Am Trucking is liable for his injuries inasmuch as Defendant Pinkard, an employee of the company, was acting within the scope of his employment at the time of the accident. The Plaintiff, however, has not alleged a violation of K.R.S. § 189.330(5) which provides that "[t]he operator of any vehicle shall not turn such vehicle so as to proceed in the opposite direction unless such movement can be made in safety without interfering with other traffic." K.R.S. § 189.330(8). Thus, to the extent the Plaintiff seeks partial summary judgment based on an alleged violation of K.R.S. 189.330(8), the motion will be denied based on the Plaintiff's failure to allege a violation of this statute in his Complaint.

The Plaintiff also asserts that he is entitled to partial judgment in his favor because "there exists no genuine issue of material fact as to the Defendant's conduct in this matter." [Record No. 32, p. 2] The Plaintiff, however, has failed to present any evidence in support of this assertion. In response, the Defendants contend that the Plaintiff's actions may have contributed to causing this accident. Because the Plaintiff has failed to demonstrate that there are no genuine issues of material fact in dispute regarding the cause of the accident, the Court finds that he is not entitled to summary judgment on the issue of liability.

Accordingly, for the reasons stated herein, it is hereby

**ORDERED** that the Plaintiff's motion for partial summary judgment [Record No. 32] is **DENIED**.

This 23rd day of January, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge